**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 06-1601**

───────────────

TNT LOGISTICS OF NORTH AMERICA, INCORPORATED,

Petitioner,

versus

NATIONAL LABOR RELATIONS BOARD,

Respondent,

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW),

Intervenor.

───────────────

**No. 06-1691**

───────────────

NATIONAL LABOR RELATIONS BOARD,

Petitioner,

versus

TNT LOGISTICS OF NORTH AMERICA, INCORPORATED,

Respondent.

───────────────

On Petition for Review and Cross-Application for Enforcement of an Order of the National Labor Relations Board. (30-CA-16801-1)

Argued:  May 21, 2007                    Decided:  July 9, 2007

Before WILLIAMS, Chief Judge, and MOTZ and SHEDD, Circuit Judges.

Petition for review denied; cross-application for enforcement granted by unpublished per curiam opinion.

**ARGUED:** James Michael Walters, FISHER & PHILLIPS, L.L.P., Atlanta, Georgia, for TNT Logistics of North America, Incorporated.  Jason Walta, NATIONAL LABOR RELATIONS BOARD, Office of the General Counsel, Washington, D.C., for the National Labor Relations Board. **ON BRIEF:** Ronald Meisburg, General Counsel, John E. Higgins, Jr., Deputy General Counsel, John H. Ferguson, Associate General Counsel, Aileen A. Armstrong, Deputy Associate General Counsel, Jill A. Griffin, Supervisory Attorney, NATIONAL LABOR RELATIONS BOARD, Office of the General Counsel, Washington, D.C., for the National Labor Relations Board.  Sandra G. Radtke, GILLICK, WICHT, GILLICK & GRAF, S.C., Milwaukee, Wisconsin, for Intervenor International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (UAW).

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

TNT Logistics of North America, Inc. ("TNT") petitions for review of an order of the National Labor Relations Board ("Board"), which (1) determined that TNT failed to fulfill its statutory obligation under the National Labor Relations Act ("Act") to bargain in good faith with the UAW, AFL-CIO ("Union") and (2) awarded backpay to certain Union employees in accordance with Transmarine Navigation Corp., 170 N.L.R.B. 389 (1968). The Board cross-applies, seeking enforcement of its order, and the Union intervenes, also seeking enforcement of the Board's order. Because substantial evidence supports the Board's decision and resulting order, we grant enforcement and deny TNT's petition for review.

I

This matter arises out of the closing of TNT's plant in Janesville, Wisconsin. TNT had a contract to supply logistics and supply-chain services for General Motors at the Janesville plant through March 31, 2004. In late 2003, General Motors announced that it had awarded to TNT's competitor, Logistics Services, Inc. ("LSI"), the contract to supply these services beginning April 1, 2004. The loss of this contract necessitated TNT's closing of the Janesville plant. Approximately two months prior to the closing of the plant, the Union requested that TNT bargain over the effects of the plant closure. Ultimately, when the Union was unable to obtain

3

certain concessions from TNT, the Union filed the instant unfair labor practice charge, alleging that TNT failed to bargain in good faith.[1]

After a hearing, the Administrative Law Judge ("ALJ") found that TNT had failed to fulfill its statutory obligation under §§ 8(a)(1) and (5) of the Act to bargain in good faith over the effects of the plant closure, and he awarded backpay under Transmarine. Prior to reaching his decision, the ALJ struck several affirmative defenses advanced by TNT, finding that they were irrelevant to TNT's behavior towards the Union. TNT appealed the ALJ's order to the Board, challenging the ALJ's final determinations as well as the underlying decision to strike TNT's affirmative defenses. The Board affirmed the ALJ's decision in both respects.

II

On review, we will not reverse "the Board's choice between two fairly conflicting views, even though the court would justifiably

---

[1]Though a company is not required to negotiate over a decision to cease operations at a facility, it must bargain in good faith over the effects of such a decision. First Nat'l Maint. Corp. v. NLRB, 452 U.S. 666, 681-82 (1981). Before the Union filed the labor charge at issue here, TNT repeatedly told the Union that it had no obligation to bargain because LSI was its successor within the meaning of NLRB v. Burns International Security Services, Inc., 406 U.S. 272 (1972). However, throughout the proceedings that followed the Union's filing of the labor charge, TNT admitted its duty to bargain in good faith over the effects of the plant closure.

have made a different choice had the matter been before it de novo." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951). We will uphold the Board's legal interpretations of the Act so long as they are rational and consistent with the Act. <u>NLRB v. Air Contact Transp. Inc.</u>, 403 F.3d 206, 210 (4th Cir. 2005). We affirm the Board's factual findings if they are "supported by substantial evidence on the record considered as a whole . . . ." 29 U.S.C. § 160(e). We also review mixed questions of law and fact for substantial evidence. <u>Wal-Mart Stores, Inc. v. NLRB</u>, 173 F.3d 233, 239 (4th Cir. 1999). With respect to bargaining, "[w]hether the particular negotiations were in fact conducted in 'good faith' involves subjective factors which must be considered in the factual context of the particular case." <u>NLRB v. Stevenson Brick & Block Co.</u>, 393 F.2d 234, 237 (4th Cir. 1968).

In reaching its decision, the Board provided several bases for its conclusion that TNT failed to bargain in good faith.[2] First, the Board noted that TNT engaged in only a single, 45-minute bargaining session with the Union and failed to respond to the Union's additional requests for bargaining. Second, the Board pointed out that TNT never discussed acceptable closing terms with

_____

[2]The Board expressly declined to rely on some of the reasons given by the ALJ. We review herein only the rationale given by the Board for its decision. <u>See</u> <u>American Thread Co. v. NLRB</u>, 631 F.2d 316, 320 (4th Cir. 1980) ("The Board, not the ALJ, is ultimately vested with the responsibility for determining whether an unfair labor practice has been committed.").

5

the Union's negotiating committee and also failed to make a counterproposal to the Union's initial proposal. Third, the Board explained that TNT consistently and adamantly insisted that it had no obligation to bargain with the Union. Indeed, the Board noted that most of the communications between TNT and the Union were simply a reiteration of TNT's position that LSI was TNT's successor and the Union should therefore seek benefits from LSI. Fourth, the Board stated that despite TNT's assertion that it could not ascertain the number of employees affected by the plant closure until after April 1, 2004, TNT neglected the Union's request for bargaining made after that date.

Having reviewed the record as a whole, and having had the benefit of oral argument, we conclude that these reasons provide substantial evidentiary support for the Board's decision. The affirmative defenses asserted by TNT in no way undermine the Board's determinations regarding TNT's conduct towards the Union. The reasons enunciated by the Board indicate that it correctly evaluated "the totality of [TNT's] conduct, both at and away from the bargaining table." Pub. Serv. Co. of Okla., 334 N.L.R.B. 487, 487 (2001), enforced, 318 F.3d 1173 (10th Cir. 2003). Accordingly, we deny TNT's petition and grant the cross-application of the Board seeking enforcement of its order.

PETITION FOR REVIEW DENIED;
CROSS-APPLICATION FOR ENFORCEMENT GRANTED

6